UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

Carletha McGuire,

    Plaintiff,

v.

Rich Coral, Inc., a Florida corporation,
doing business as Bravo Supermarket,
Ivie Osaiyuwu and Richard Osaiyuwu,

    Defendants.
_____/

## COMPLAINT

Plaintiff Carletha McGuire sues Defendants Rich Coral, Inc., a Florida corporation, doing business as Bravo Supermarket, Ivie Osaiyuwu and Richard Osaiyuwu, and alleges:

1. This is an action to recover unpaid overtime wages, liquidated damages or interest, attorney's fees and costs under the Fair Labor Standards Act of 1938, (FLSA), as amended, 29 U.S.C. §§ 201 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 216(b).

2. Defendant Rich Coral, Inc. is a Florida corporation that does business as Bravo Supermarket.

3. At all time material to this action, Defendant Rich Coral, Inc., doing business as Bravo Supermarket, did business in Miami-Dade County, Florida.

4. Defendant Rich Coral, Inc. is an employer under the FLSA.

1

5. Defendant Ivie Osaiyuwu is an officer and shareholder of Defendant Rich Coral, Inc.

6. Defendant Richard Osaiyuwu is an officer and shareholder of Defendant Rich Coral, Inc.

7. At all time material to this action, Defendant Ivie Osaiyuwu and Defendant Richard Osaiyuwu maintained operational control of Defendant Rich Coral, Inc.

8. Defendant Ivie Osaiyuwu and Defendant Richard Osaiyuwu are employers under the FLSA and are jointly and severally liable under the FLSA.

9. As an employee of the Defendants, Plaintiff Carletha McGuire was engaged in commerce or was employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce.

10. Upon information and belief, at all time material to this action, Defendant Rich Coral, Inc. had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material hereto, Defendant Rich Coral, Inc. had at least two employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Defendants initially employed Plaintiff Carletha McGuire as an deli manager and subsequently as a front manager from June 2014 through November 6, 2014.

13. As deli manager, Plaintiff Carletha McGuire's job duties involved assisting customers, cooking and assisting deli co-workers. Defendants paid Plaintiff Carletha McGuire $400.00 a week as a deli manager.

14. As a front manager, Plaintiff Carletha McGuire's job duties included work as a cashier, assisting other cashiers, helping make schedules and making bank deposits. Defendants paid Plaintiff Carletha McGuire $8.50 an hour as a front manager.

14. The cause of action alleged herein accrued in Miami-Dade County, Florida.

## COUNT I

### CLAIM FOR UNPAID OVERTIME WAGES

15. Plaintiff Carletha McGuire was required or permitted to work more than 40 hours a week for Defendants numerous weeks from June 2014 through November 6, 2014.

16. Defendants failed to pay Plaintiff Carletha McGuire overtime pay at a rate of time and a half for hours worked in excess of 40 in a workweek.

17. Plaintiff Carletha McGuire is entitled to receive overtime pay at a rate not less than time and one-half her regular rate of pay for weeks in which she worked more than 40 hours.

18. Defendants Rich Coral, Inc., Ivie Osaiyuwu and Richard Osaiyuwu are jointly and severally liable to Plaintiff Carletha McGuire in the amount of her unpaid overtime compensation and an additional equal amount as liquidated damages.

19. Plaintiff Carletha McGuire is entitled to prejudgment interest if liquidated damages are not awarded.

20. Plaintiff Carletha McGuire is entitled to a reasonable attorney's fee and costs to be paid by Defendants

Wherefore Plaintiff Carletha McGuire demands a judgment for damages against Defendants Rich Coral, Inc., Ivie Osaiyuwu and Richard Osaiyuwu together with interest, if liquidated damages are not awarded, attorney's fees and costs and demands a trial by jury on all issues so triable.

Dated December 12, 2014.

/s/Jeffrey I. Jacobs
Jeffrey I. Jacobs, Esq.
E-mail: jjacobs@malcaandjacobs.com
Malca and Jacobs, P.A.
5975 Sunset Drive, Suite 801
South Miami, FL 33143
Telephone: (305) 662-5500
Facsimile: (305) 666-7512
Florida Bar No.: 602681
Attorneys for Plaintiff
